MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
MANOLO MARTINEZ, *individually and on*
*behalf of others similarly situated,*

                     *Plaintiff,*

             -against-

GKNY1 INC. (d/b/a GLOBAL KITCHEN) and
KWONIK CHO

                *Defendants.*
----------------------------------------------------------X

                 **COMPLAINT**

                 **COLLECTIVE ACTION**
                 **UNDER 29 U.S.C. § 216(b)**

                 **ECF Case**

      Plaintiff Manolo Martinez ("Plaintiff Martinez" or "Mr. Martinez"), individually and on

behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon information and belief, and as against each of Defendants GKNY1 Inc. (d/b/a Global

Kitchen) ("Defendant Corporation") and Kwonik Cho (collectively, "Defendants"), alleges as

follows:

### NATURE OF ACTION

      1.     Plaintiff Martinez is a former employee of Defendants GKNY1 Inc. (d/b/a Global

Kitchen) and Kwonik Cho.

      2.     Global Kitchen is a fast food restaurant owned by Kwonik Cho located at 1290

Sixth Avenue, New York, New York 10104.

3.      Upon information and belief, Defendant Kwonik Cho serves or served as owner, manager, principal and/or agent of Defendant Corporation, and through this corporate entity operates the restaurant.

4.      Plaintiff Martinez is a former employee of Defendants.

5.      Plaintiff Martinez was ostensibly employed as a delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to organizing and stocking beverages, filling up salad containers and sending them up towards the kitchen, and slicing bread (hereinafter, "non-delivery, non-tip duties").

6.      Plaintiff Martinez regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that he worked.

7.      Further, Defendants failed to pay Plaintiff Martinez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Defendants employed and accounted for Plaintiff Martinez as a delivery worker in their payroll, but in actuality his duties included a significant amount of time spent performing the non-delivery, non-tipped duties alleged above.

9.      At all times, regardless of duties, Defendants paid Plaintiff Martinez and all other delivery workers at a rate that was lower than or equal to the required tip-credit rate.

10.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Martinez's non-tipped duties exceeded 20% of each workday, (12 N.Y.C.R.R. § 146).

11.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Martinez's actual duties in payroll records to avoid paying Plaintiff Martinez at the minimum wage rate, and to enable them to pay Plaintiff Martinez at the lower tip-credited rate (which they still failed to do) by designating him as a delivery worker instead of a non-tipped employee.

12.     Defendants' conduct extended beyond Plaintiff Martinez to all other similarly situated employees.

13.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Martinez and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

14.     Plaintiff Martinez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

15.     Plaintiff Martinez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

3

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Martinez's state law claims is conferred by 28 U.S.C. § 1367(a).

17.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Martinez was employed by Defendants in this district.

## PARTIES

### *Plaintiff Manolo Martinez*

18.     Plaintiff Martinez is an adult individual residing in New York County, New York.

19.     Plaintiff Martinez was employed by Defendants from approximately September 2011 until on or about September 2, 2016.

20.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Martinez consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

21.     At all times relevant to this Complaint, Defendants own, operate, and/or control a Fast food restaurant located at 1290 Sixth Avenue, New York, New York 10104 under the name "Global Kitchen."

22.     Upon information and belief, GKNY1 Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1290 Sixth Avenue, New York, New York 10104.

23.     Defendant Kwonik Cho is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Kwonik Cho is sued individually and in his capacity as an owner, officer and/or agent of defendant Corporation.

24.     Defendant Kwonik Cho possesses or possessed operational control over defendant Corporation, an ownership interest in defendant Corporation and/or controlled significant functions of defendant Corporation.

25.     Defendant Kwonik Cho determined the wages and compensation of the employees of Defendants, including Plaintiff Martinez, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.


## FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

26.     Defendants operate a fast food restaurant located at 1290 Sixth Avenue, New York, New York 10104.

27.     Individual Defendant Kwonik Cho possesses operational control over defendant Corporation, possesses an ownership interest in defendant Corporation, and controls significant functions of defendant Corporation.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiff Martinez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Martinez, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiff Martinez, and all similarly situated individuals, and are Plaintiff Martinez's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiff Martinez and/or similarly situated individuals.

32.     Upon information and belief, individual defendant Kwonik Cho operates defendant Corporation as either an alter ego of himself and/or fails to operate defendant Corporation as a legal entity separate and apart from himself by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)     defectively forming or maintaining defendant Corporation by, among

         other things, failing to hold annual meetings or maintaining appropriate

         corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating defendant Corporation for his own benefit as the sole or

         majority shareholder;

(e)     operating defendant Corporation for his own benefit and maintaining

         control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of his own with defendant Corporation;

(g)     diminishing and/or transferring assets of defendant Corporation to protect

         their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

33.     At all relevant times, Defendants were Plaintiff Martinez's employers within the

meaning of the FLSA and NYLL.

34.     Defendants had the power to hire and fire Plaintiff Martinez, controlled the terms

and conditions of his employment, and determined the rate and method of any compensation in

exchange for Plaintiff Martinez's services.

35.     In each year from 2011 to 2016, Defendants, both individually and jointly, had

gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail

level that are separately stated).

36.     In addition, upon information and belief, Defendants and/or their enterprises were

directly engaged in interstate commerce. For example, numerous items that were sold in the fast

food restaurant on a daily basis, such as meat and lettuce, were produced outside of the State of New York.

*Individual Plaintiff*

37.     Plaintiff Martinez is a former employee of Defendants ostensibly employed as a delivery worker, but who spent more than 20% of each shift performing the non-delivery, non-tip duties outlined above.

38.     Plaintiff Martinez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Manolo Martinez*

39.     Plaintiff Martinez was employed by Defendants from approximately March 2011 until on or about September 2, 2016.

40.     At all relevant times, Plaintiff Martinez was ostensibly employed by Defendants as a delivery worker.

41.     However, Plaintiff Martinez spent more than 20% of each work day performing the non-delivery, non-tip duties outlined above.

42.     Plaintiff Martinez regularly handled goods in interstate commerce, such as meat and vegetables produced outside of the State of New York.

43.      Plaintiff Martinez's work duties required neither discretion nor independent judgment.

44.     Throughout his employment with Defendants, Plaintiff Martinez regularly worked in excess of 40 hours per week.

45.    From approximately September 2011 until on or about March 2013, Plaintiff Martinez worked from approximately 7:00 a.m. until on or about 6:00 p.m. four days a week and from approximately 7:00 a.m. until on or about 4:00 p.m. one day a week (typically 53 hours per week).

46.    From approximately March 2013 until on or about September 2, 2016, Plaintiff Martinez worked from approximately 7:00 a.m. until on or about 8:00 p.m. Mondays through Fridays (typically 65 hours per week).

47.    Throughout his employment with Defendants, Plaintiff Martinez was paid his wages by cash.

48.    From approximately September 2011 until on or about December 2014, defendants paid Plaintiff Martinez $5.50 per hour for the first 40 hours and $8.25 for the overtime hours.

49.    From approximately January 2015 until on or about December 2015, defendants paid Plaintiff Martinez $6.85 per hour for the first 40 hours and $10.28 for the hours he worked over 40.

50.    From approximately January 2016 until on or about September 2, 2016, defendants paid Plaintiff Martinez $7.50 per hour for the first 40 hours and $11.25 per hour for the hours over 40.

51.    Plaintiff Martinez was never notified by Defendants that his tips would be included as an offset for wages.

52.    Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Martinez's wages.

53.     Defendants never provided Plaintiff Martinez with a written notice, in English and in Spanish (Plaintiff Martinez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

54.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Martinez regarding overtime and wages under the FLSA and NYLL.

55.     Defendants required Plaintiff Martinez to purchase "tools of the trade" with his own funds—including one bicycle, a helmet, a chain and lock, and a vest.

*Defendants' General Employment Practices*

56.     Defendants regularly required their employees, including Plaintiff Martinez, to work in excess of forty (40) hours per week without paying them the proper minimum wage, spread of hours pay or overtime compensation.

57.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Martinez (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage and overtime compensation, as required by federal and state laws.

58.     At no time did Defendants inform their employees, including Plaintiff Martinez, that they had reduced their hourly wages by a tip allowance.

59.     Defendants failed to maintain a record of tips earned by Plaintiff Martinez for the deliveries he made to customers.

60.     Defendants required all delivery workers, including Plaintiff Martinez, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

10

61.     Plaintiff Martinez, and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-delivery, non-tipped duties.

62.     Plaintiff Martinez and all other delivery workers were either paid at a rate that was lower or equal than the required lower tip-credit rate by Defendants. However, under state law, Defendants were not entitled to a tip-credit because the delivery workers' and Plaintiff Martinez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

63.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip-credit for any employee time if that time is devoted to a non-tipped occupation.

64.     The delivery workers', including Plaintiff Martinez's, duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

65.     In violation of federal and state law as codified above, Defendants classified Plaintiff Martinez and other delivery workers as tipped employees but paid them at a rate that was either lower than or equal to the required tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

66.     Plaintiff Martinez was paid his wages in cash.

67.    Upon information and belief, these practices were done to disguise the actual number of hours Plaintiff Martinez, and similarly situated employees, worked and to avoid paying them properly for their (1) minimum wage, (2) spread of hours pay and (3) overtime compensation.

68.    Defendants failed to post required wage and hour posters in the restaurant, and did not provide their employees, including Plaintiff Martinez, with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiff Martinez's, relative lack of sophistication in wage and hour laws.

69.    Defendants failed to provide Plaintiff Martinez and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; and the number of regular hours worked, as required by NYLL §195(3).

70.    Defendants failed to provide Plaintiff Martinez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by

12

the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

71.     Plaintiff Martinez brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

72.     At all relevant times, Plaintiff Martinez, and other members of the FLSA Class who are and/or have been similarly situated, had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage and overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA.

73.     The claims of Plaintiff Martinez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

74.     Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

75.     At all times relevant to this action, Defendants were Plaintiff Martinez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Martinez (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

76.     At all times relevant to this action, Defendants engaged in commerce or in an industry or activity affecting commerce.

77.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203 (r-s).

78.     Defendants failed to pay Plaintiff Martinez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

79.     Defendants' failure to pay Plaintiff Martinez (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

80.     Plaintiff Martinez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE FLSA OVERTIME PROVISIONS

81.     Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

82.     At all times relevant to this action, Defendants were Plaintiff Martinez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff

Martinez (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

83.    At all times relevant to this action, Defendants engaged in commerce or in an industry or activity affecting commerce.

84.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203 (r-s).

85.    Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Martinez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

86.    Defendants' failure to pay Plaintiff Martinez (and the FLSA Class members) overtime compensation is willful within the meaning of 29 U.S.C. § 255(a).

87.    Plaintiff Martinez (and the FLSA Class members) were damaged in an amount to be determined at trial.


**THIRD CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK MINIMUM WAGE RATE**

88.    Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

89.    At all times relevant to this action, Defendants were Plaintiff Martinez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Martinez (and the FLSA Class members), controlled terms and conditions

15

of employment, and determined the rates and methods of any compensation in exchange for employment.

90.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Martinez (and the FLSA Class members) less than the minimum wage.

91.     Defendants' failure to pay Plaintiff Martinez (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

92.     Plaintiff Martinez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW**

93.     Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

94.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Martinez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

95.     Defendants' failure to pay Plaintiff Martinez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

96.     Plaintiff Martinez (and the FLSA class members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
OF THE NEW YORK COMISSIONER OF LABOR**

97.    Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

98.    Defendants failed to pay Plaintiff Martinez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Martinez's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.6.

99.    Defendants' failure to pay Plaintiff Martinez an additional hour's pay for each day Plaintiff Martinez's  spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

100.    Plaintiff Martinez was damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION
VIOLATION OF THE NOTICE AND RECORDKEEPING
REQUIREMENTS OF THE NEW YORK LABOR LAW**

101.    Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

102.    Defendants failed to provide Plaintiff Martinez with a written notice, in English and in Spanish (Plaintiff Martinez's  primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

103.    Defendants are liable to Plaintiff Martinez in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION
VIOLATION OF THE WAGE STATEMENT PROVISIONS**

17

**OF THE NEW YORK LABOR LAW**

104.     Plaintiff Martinez repeats and realleges all paragraphs above as though set forth fully herein.

105.     Defendants did not provide Plaintiff Martinez with a statement of wages with each payment of wages, as required by NYLL 195(3).

106.     Defendants are liable to Plaintiff Martinez in the amount of $5,000, together with costs and attorney's fees.

**EIGHTH CAUSE OF ACTION**
**RECOVERY OF EQUIPMENT COSTS**

107.     Plaintiff Martinez repeats and realleges all paragraphs above as though set forth fully herein.

108.     Defendants required Plaintiff Martinez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

109.     Plaintiff Martinez was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Martinez respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the

18

pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Martinez   and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Martinez and the FLSA class members;

(d)    Declaring that Defendants' violation of the provisions of the FLSA are willful as to Plaintiff Martinez and the FLSA class members;

(e)    Awarding Plaintiff Martinez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f)    Awarding Plaintiff Martinez and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Martinez and the members of the FLSA Class

(h)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Martinez and the members of the FLSA

19

Class;

(i)       Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Martinez and the members of the FLSA Class;

(j)       Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Martinez and the FLSA Class members;

(k)       Awarding Plaintiff Martinez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable;

(l)       Awarding Plaintiff Martinez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)       Awarding Plaintiff Martinez and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wage, spread of hours pay  and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(n)       Declaring that Defendants' violations of NYLL § 191 were willful as to Plaintiff Martinez and the FLSA class members;

(o)       Awarding Plaintiff Martinez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)        Awarding Plaintiff Martinez and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(q)       Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no

20

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(r)      All such other and further relief as the Court deems just and proper.


JURY DEMAND

Plaintiff Martinez demands a trial by jury on all issues triable by a jury.


Dated: New York, New York
      January 20, 2017

                        MICHAEL FAILLACE & ASSOCIATES, P.C.


                            /s/ Michael Faillace
                By:    Michael A. Faillace [MF-8436]
                       60 East 42nd Street, Suite 2540
                       New York, New York 10165
                       (212) 317-1200
                       *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

January 17, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Manolo Martinez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     17 de enero de 2017

*Certified as a minority-owned business in the State of New York*