# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

One Grand Central Place
60 East 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
michael@faillacelaw.com

January 25, 2018

**VIA ECF**
Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re:    Martinez v. GKNY Inc, et al;
               S.D.N.Y., 17-CV-447 (PKC)

Your Honor:

     This office represents Plaintiff in the above referenced matter. The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions, including a settlement conference before Your Honor. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015), and dismiss the case with prejudice.

1. **Background**

     Plaintiff filed his Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

     Specifically, Plaintiff alleges he was employed by Defendants at their restaurant. Defendant Ji Soo Jeong employed the Plaintiff at the restaurant from approximately March 2013 until approximately August 2015; Defendants Kwonik Cho and GKNY1, Inc. employed the Plaintiff at the restaurant from approximately August 2015 until approximately September 2016.[1] Plaintiff alleges that throughout his employment, Defendants paid him at an hourly rate that failed to appropriately compensate him for both his regular and overtime hours.

     Defendants categorically deny the allegations in the Complaint.

2. **Settlement Terms**

---

[1] Defendant 52 Gourmet Café, Inc., who neither answered nor appeared, is a defunct corporation. Plaintiff will be filing a notice of voluntary dismissal as to defendant 52 Gourmet Café, Inc. after the settlement is approved.

Page 2

Plaintiff alleges he is entitled to back wages of approximately $21,046. Plaintiff estimates that he had recovered in full for his claims, he would be entitled to approximately $61,374, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. The parties have agreed to settle this action for the total sum of $28,200, to be paid over a period of twenty-four months.  A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B."

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were contested factual disputes that went to the heart of Plaintiff's claims. Specifically, Defendants contested: (1) the alleged shifts/hours worked by Plaintiff; and (2) Plaintiff's allegations that the hourly rates he was paid by Defendants were legally inappropriate.  Also, Defendants produced employment records (the accuracy of which Plaintiff dispute) contradicting many of Plaintiff's claims.

Defendants do acknowledge they are likely to face some liability. However, Defendants have consistently argued that they do not have the financial resources to satisfy the potential judgment Plaintiff might receive at trial.  Plaintiff acknowledges that the business Defendants are involved in is a small dry cleaner, not some elaborate company.  As such, Plaintiff believes the settlement is reasonable because of the risk that he may not prevail on all of his claims, and may not be able to collect a post-trial judgment. "Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable." Lliguichuzhca v Cinema 60, LLC, 948 F Supp 2d 362, 364 (SDNY 2013).

### 3. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreement with the Plaintiff, Plaintiff's counsel will receive $9,400 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provide that forty percent of Plaintiff's recovery will be retained by the firm.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Page 3

Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

      Given Plaintiff's counsel's significant experience representing Plaintiff in the New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations.

      Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

      Respectfully submitted,

      /s/ Michael Faillace
      Michael Faillace, Esq.
      MICHAEL FAILLACE & ASSOCIATES, P.C.
      Attorneys for the Plaintiff

Encls.

Cc: Defendants' counsel (Via ECF)